## Turner v. Commonwealth.

(Decided April 24, 1923.)

### Appeal from Laurel Circuit Court.

Criminal Law—Failure to Exclude Unsupported Statements of Commonwealth's Attorney Defendant was Bootlegger Held Error. —Where the Commonwealth's attorney in his closing argument stated defendant was a noted bootlegger, which statement was not supported by evidence, the statement must be 'presumed to have been prejudicial, and the failure of the court to exclude these remarks from the consideration of the jury, to rebuke the attorney for making them, and to admonish the jury to disregard them was reversible error.

LEWIS & LEWIS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant's trial under an indictment charging him with the offense of unlawfully selling intoxicating liquors, not for sacramental, medicinal, mechanical or scientific purposes, resulted in his conviction, the verdict of the jury finding him guilty and fixing his punishment at a fine of $300.00 and 60 days' imprisonment in jail. He was refused a new trial and has appealed.

While numerous grounds were filed in support of his motion for a new trial, it will be necessary for us to consider but one of them, as the error it assigned, being urged on appeal, will compel the reversal of the judgment. This error arose out of the action of the court in permitting, over the appellant's objection, misconduct and improper statements on the part of the Commonwealth's attorney in closing the argument to the jury. The statements objected to and moved to be excluded were: "The defendant is a noted bootlegger; he doesn't do anything else but bootleg. The record shows it and

you all know it.'' As there was no evidence whatever heard on the trial which authorized these statements, they were highly reprehensible and unjustifiable, and must be presumed to have so prejudiced the minds of the jury against the appellant and in his substantial rights as to have prevented him from receiving a fair and impartial trial. Manifestly, the failure of the court to exclude these remarks from the consideration of the jury, rebuke the attorney for making them and admonish the jury to disregard them, must be regarded reversible error. Hoskins v. Comth., 152 Ky. 805; Slaughter v. Comth., 149 Ky. 5; Burton v. Comth., 151 Ky. 587. Wherefore the judgment is reversed for a new trial not inconsistent with the opinion.